UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALISON M. LEVIN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  09-1244 (ESH) |
| MAJESTIK SURFACE CORP., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiffs, residents of Virginia, filed this action seeking relief for claims of negligence, breach of contract, fraud and violation of the Virginia Consumer Protection Act arising out of a contract for home improvement services with defendants, a Maryland Corporation and two of its officers.  Defendants have moved to transfer venue to the United States District Court for the Eastern District of Virginia arguing that venue is improper in the District of Columbia, or in the alternative, that this Court should exercise its discretion to transfer this case to a more appropriate forum.  Because the balance of convenience, fairness and the interest of justice strongly supports transfer, defendants' motion to transfer is **GRANTED**.

**I. BACKGROUND**

Plaintiffs Alison M. Levin and Michael S. Nadel, who are proceeding *pro se* but are both lawyers, purchased a condominium in Arlington, Virginia in 2005.  (Compl. ¶ 10.)  Defendant Majestik Surface Corporation (hereinafter "Majestik") is a Maryland floor-care company with its

principal place of business in Bethesda, Maryland. (Compl. ¶ 3.) Defendant Martin B. Mars is vice president of Majestik (Compl. ¶ 15), and a Maryland resident (Compl. ¶ 4). Defendant Vincent Adams is president of Majestik (Compl. ¶ 14), and resides in Maryland (Compl. ¶ 5).[1]

In early 2009, plaintiffs contracted with Majestik to repair the floor in the master bathroom of their Virginia condominium. (Compl. ¶¶ 21-23.) Plaintiffs allege that Majestik's repairman negligently poured cement over the floor and allowed it to dry overnight, making it impossible to remove the next day. (Compl. ¶¶ 23-24.) Plaintiffs claim that Mars acknowledged Majestik's responsibility and agreed to repair the damage. (Compl. ¶ 25.) Plaintiffs allege that over the course of the next six weeks, Majestik sent numerous workmen to their condominium who not only failed to repair the damage, but they exacerbated the problem and caused additional damage to the bathroom and other areas of the residence. (Compl. ¶¶ 25-39.) Plaintiffs sued Majestik, Mars and Adams for damages based on claims of negligence, breach of contract, fraud, and violation of the Virginia Consumer Protection Act. (Compl. ¶ 1.) Defendants moved to transfer the case to the Eastern District of Virginia, arguing that venue is improper in the District of Columbia under 28 U.S.C. § 1391(a), or in the alternative, that this Court should exercise its discretionary power to transfer the case to a different forum under 28 U.S.C. § 1404(a). (Def.'s Mot. at 1.)[2]

---

[1] Mr. Adams is named as a defendant, but has not yet been served. (Pl. Opp. at 6, n.1.) Plaintiffs allege that Adams' whereabouts in Maryland are unknown and that they intend to serve Adams after learning of his location through Rule 26 disclosures. (*Id.*)

[2] For the purposes of this motion only, it is assumed that venue would be proper in the United States District Court for the District of Columbia because transfer under § 1404(a) presumes that the transferor court is a proper venue. *Ukiah Adventist Hosp. v. F.T.C.*, 981 F. 2d 543, 546 (D.C. Cir. 1992). However, even if venue is not proper here (which appears to be the case under 28 U.S.C. § 1391(a)), transfer would nevertheless be appropriate under 28 U.S.C. §

## II. ANALYSIS

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Courts are afforded broad discretion to adjudicate motions for transfer based on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).  To determine whether a case "might have been brought" in another jurisdiction, two requirements must be met: "[v]enue must be proper in the transferee district [and] the defendant[s] must be subject to the process of the federal court in the transferee district at the time the action was originally filed." *Relf v. Gasch*, 511 F.2d 804, 806-07 (D.C. Cir. 1975) (citing *Van Dusen*, 376 U.S. at 619-20). Even where the two prerequisites are met, the movant must still demonstrate that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." *Consol. Metal Prod., Inc. v. American Petroleum Inst.*, 569 F. Supp. 773, 774 (D.D.C. 1983).

This case "might have been brought" in the Eastern District of Virginia, for venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. 1391(a)(2).  Virginia is a proper venue because plaintiffs' residence is located in

---

1406(a), which provides for transfer from an inappropriate forum "in the interest of justice." Though the § 1406(a) standard is slightly different from the §1404(a) standard for transfer, a key consideration in both sections is "the interest of justice" and the analysis in this opinion satisfies that standard whether under § 1404(a) or §1406(a).  *See McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1301 (D.C. Cir. 1996) (noting the similarities of § 1404(a) and § 1406(a)). Accordingly, this Court need not decide whether venue is proper in this district, whether defendants waived their objection to venue by omitting it from their answer, or whether defendants should be granted leave to amend their answer to include the venue defense.

Virginia and the contract was created and performed entirely in Virginia.

Under the second requirement of § 1404(a), a defendant is subject to process in the transferee court if the defendant would have been subject to personal jurisdiction in the transferee court at the time the suit was brought. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). In cases involving multiple defendants, *Hoffman* requires that <u>all</u> defendants must have been subject to process in the transferee court before the case can be transferred. *Id.* at 344; *see also* 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3845 (West Supp. 2009). Here, plaintiffs concede that Majestik and Mars would have been subject to process in Virginia at the time this action was commenced. (Pl. Opp. at 6.)³

Plaintiffs argue that because defendants have not alleged that Adams would also have been subject to process in Virginia, it precludes the entire action from being transferred. (*Id.*) Adams, however, has never been served with process in this case and, therefore, the fact that he was "listed as [a] defendant [ ] on the complaint [gives him] no status as [a] part[y] which should bar a transfer of the action." *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 163 (D.D.C. 1995) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)). This Court will not refrain from transferring a case with no nexus to the District of Columbia because of one defendant who has not been served and whose connection to the alleged conduct is unclear. *See id.* (holding that a plaintiff cannot defeat transfer by claiming that a defendant is not subject to

---

³Majestik and Mars would be subject to personal jurisdiction in Virginia under any of several sections of Virginia's Long-Arm statute. *See* Va. Code Ann. §§ 8.01-328.1(A)(1)-(4) (West Supp. 2009).

process in the transferee forum where that defendant was never served in the original forum).[4]

Nonetheless, the burden is on the movant to show that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." *Consol. Metal*, 569 F. Supp. at 774. A court may not transfer the case merely because it thinks another forum is superior. *Shapiro, Lifshitz & Schram v. Hazard*, 24 F. Supp. 2d 66, 71 (D.D.C. 1998). Rather, courts must weigh a number of factors, including plaintiff's chosen forum, the convenience of the parties and witnesses, and the interest of justice. *See, e.g.*, *Securities & Exch. Comm'n v. Page Airways, Inc.*, 464 F. Supp. 461, 463 (D.D.C. 1978). Although "plaintiffs' chosen forum is of paramount consideration," *Sheraton Operating Corp. v. Just Corporate Travel*, 984 F. Supp. 22, 25 (D.D.C. 1997), deference to plaintiffs' choice is mitigated where the "'forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter.'" *Chung*, 903 F.Supp. at 165 (quoting *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 144 (D.D.C. 1979)).

Here, considerations of fairness and convenience favor defendants. The Eastern District of Virginia is in close proximity to this Court, to the property which is the subject of this action, and to all likely witnesses. *See King v. Navistar Int'l Transp. Corp.*, 709 F. Supp. 261, 262 (D.D.C 1989) (noting the "close proximity" of the two courts in finding that a transfer would not disturb the convenience of the parties or witnesses). Defense witnesses are likely to be employees who work in Northern Virginia and experts in property valuation within the Northern Virginia real estate market. (Def.'s Mot. at 6.) Plaintiffs have identified themselves as key witnesses (Pl. Opp. at 10), and their residence, which is at the center of this suit, is located

---

[4] Presumably, Adams, as president of Majestik, would also be subject to personal jurisdiction under the Virginia Long-Arm statute.

approximately eight miles from the Alexandria courthouse.  Plaintiffs contend that because they work in Washington, D.C. and are members of the D.C. Bar, it is more convenient for them to make electronic case filings in this district.  (Pl. Opp. at 9.)  However, plaintiffs are proceeding *pro se* in this case and nothing prevents them from proceeding in Virginia.

Moreover, the interest of justice is better served by transferring this case to the Eastern District of Virginia.  Courts in this district have consistently found that the public interest favors allowing the state in which the alleged wrongful conduct took place to resolve conflicts arising from acts committed entirely in that state.  *See*, *e.g.*, *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 9 (D.D.C. 1996) ("controversies should be resolved in the locale where they arise").  The instant case has absolutely no nexus to Washington, D.C.  The conduct which is the subject of this action took place entirely in Virginia, and plaintiffs' condominium is located in Virginia.  The only alleged connection to the District of Columbia is that "[p]laintiffs believe Majestik does business" in the District of Columbia (Pl. Opp. at 11), but any such operations have nothing to do with plaintiffs' claims.  *See Chung*, 903 F. Supp. at 165 (transferring a case because of "a complete absence of any connection between plaintiff's claims and the District of Columbia").

Transfer is also proper here because "[t]he interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack*, 934 F. Supp. at 9.  This case is governed by Virginia law.  Although this Court has the power and capacity to interpret Virginia law, justice dictates that a case arising under Virginia law from conduct occurring entirely in Virginia is better resolved by a Virginia court.  This case is in the early stages and no delay or prejudice should result from a transfer.

## III. CONCLUSION

For the above stated reasons, defendants' motion to transfer to the Eastern District of Virginia is **GRANTED**.  A separate order accompanies this opinion.

                                                                          /s/
                                                        ELLEN SEGAL HUVELLE
                                                        United States District Judge


Dated:  September 17, 2009